**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

IN RE:                                                          CASE NO.: 25-10987-EPK
                                                               CHAPTER 11
UNIVERSAL BIOCARBON, INC.                                       Small Business

     Debtor.

_____/

**DEBTOR IN POSSESSION'S MOTION TO DISMISS**
**CHAPTER 11 BANKRUPTCY CASE**

COMES NOW, the Debtor in Possession, UNIVERSAL BIOCARBON, INC. (hereinafter referred to as "Debtor"), by and through its undersigned counsel, pursuant to Rules 1017(a) and 9014 of the Federal Rules of Bankruptcy Procedure, and otherwise pursuant to 11 U.S.C. § 1112, and files this Motion to Dismiss Chapter 11 Bankruptcy Case and as grounds therefore, Debtor would show onto the Court the following:

1.      The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on January 30, 2025.

2.      The Debtor is a for-profit-corporation organized under the laws of the State of Florida and operates a company that converts green waste into agricultural "biocarbon" rich products such as organic compost and wood mulch and other products.

3.      By way of this Motion, the Debtor requests that this Court enter an order dismissing this Chapter 11 case.

4.      The Debtor operates a company that converts green waste into agricultural "biocarbon" rich products, such as organic compost, wood mulch and other related products.  At the time of the case filing, the Debtor was leasing and currently is still leasing the land upon which is operates from U.S. Sugar.  The lease expires in November 2025 and will not be renewed.

5.      When the Debtor began operating at the current location, it intended to obtain a Palm Beach County Solid Waste Authority ("SWA") permit to process unground waste.  The Debtor went through each and every step of the permitting process, but when the last step was to be completed, the County advised that it would not issue the permit unless a well or hydrant was installed. The Debtor had spent a lot of money to obtain the permit and was under the impression that a dry hydrant with a fire truck was all that would be required.  The cost of the well/hydrant that the County is requiring amounts to $300,000.00.   The Debtor is unwilling to spend $300,000.00 to add a well to property it did not own.

6.      The SWA permit is important and, without it, the Debtor is only able to take in *ground or processed* yard waste for processing, which limits its operations and revenue.  With the SWA permit, the Debtor will be able to take in *unground* waste generated by landscapers and tree trimmers, such as tree trimmings and clippings.  When landscapers do that type of work, they need a place to dispose of the waste they create and have to take it to a processing facility.  The processing facility will then process the waste and create the ground material.  The Debtor then buys the ground material for its operations.  With the SWA permit, the Debtor will be able to be a processer and take out the middleman and increase the profit margin.  Even if the Debtor was able to still operate on the existing U.S. Sugar property, which it cannot, the Debtor cannot obtain the permit without the $300,000.00 hydrant/well because the SWA permit requires water sourcing through a hydrant or well.

7.      In addition to the above challenges, the debtor and its former Chief Executive Officer were involved in litigation relating to breach of contract claims filed by the former CEO after he was terminated.  That case was stayed when this bankruptcy case was filed, but, admittingly, that lawsuit was a time drain and financial drain on the Debtor and also contributed to this case filing.

8.     Since the Debtor is forced to move in November if it intends to continue any of its operations, the Debtor had determined that its best interest, as well as the best interest of the estate to purchase the real property and expand operations.

9.     To this end, the Debtor obtained a post-petition loan in the amount of $5,800,000.00 to purchase real and personal property and expand its operations (the "Expansion Loan"). The Debtor filed a Motion for Authorization to Obtain Post-Petition Financing (Doc 83), which was granted by this Court (Doc. 93).

10.    Section 1112(b)(1) provides Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11.    David Disbrow, the Debtor's Chairman, Treasurer and CEO's health has undertaken an extreme downward turn and his priority must be to attempt to regain his health.

12.     Under the facts of this case, the Debtor maintains that a dismissal of this case is in the best interest of the creditors and the estate.

13.    As a condition of dismissal, the Debtor will file its monthly operating report for the month of August within ten (10) days of dismissal of this case.

WHEREFORE the Debtor in Possession, UNIVERSAL BIOCARBON, INC., respectfully requests this Honorable Court enter an Order dismissing the instant bankruptcy case and for such other, and further relief as the Court may deem just and proper under the circumstances.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to

practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the

foregoing has been furnished by regular U.S. Mail to the parties on the attached mail list on this

5th day of September 2025.

KELLEY KAPLAN & ELLER PLLC
Attorneys for the Debtor in Possession
1665 Palm Beach Lakes Blvd., #1000
West Palm Beach, FL 33401
Telephone No.: (561) 491-1200
Fax No.: (561) 684-3773
Bankruptcy@kelleylawoffice.com

By: */s/ Craig I. Kelley*
    Craig I. Kelley, Esquire
    Florida Bar No.: 782203

**Mailing Information for Case 25-10987-EPK**
**Electronic Mail Notice List**

- Tyler J Caron on behalf of Creditor Alta Construction Equipment Florida, LLC
  tcaron@thompsonclg.com
- Christopher D. Cathey on behalf of Creditor Volvo Financial Services a division of VFS US LLC   ccathey@taylorenglish.com, tcarlson@taylorenglish.com
- Heidi A Feinman on behalf of U.S. Trustee Office of the US Trustee
  Heidi.A.Feinman@usdoj.gov
- Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov
- Hampton Peterson, Esq on behalf of Creditor Palm Beach County Tax Collector
  legalservices@PBCTax.com
- George L. Zinkler on behalf of Creditor Komatsu Financial Limited Partnership
  gzinkler.ecf@rprslaw.com

**Manual Notice List**

    **Universal Biocarbon, Inc.**
    PO Box 881386
    Port Saint Lucie, FL 34988

    **AmeriCredit Financial Services, Inc. dba GM Financial**
    P O Box 183853
    Arlington, TX 76096

    **Gabe Roberts, Esquire**
    50 N Laura St Suite 2500
    Jacksonville, FL 32202